## North, Smedes & Co. v. J. L. Gordon & Co.

Where a promissory note or a judgment has been transferred to a third person, for the purpose of defeating the legal pursuits of creditors, and the transfer is a simulation, a creditor may disregard such transfer and attach them, without resorting to the revocatory action and making the transferee a party to the suit.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *Sparrow & Montgomery*, for plaintiffs. *B. D. & A. W. Roberts*, for defendants and appellants.

LAND, J. This suit was commenced by attachment for the recovery of the amount of two promissory notes, and the balance of account alleged to be due by the defendants to the plaintiffs.

Under the writs of attachment, certain judgments which had been rendered in favor of one *John Gordon*, the transferree of the defendants, were seized as the property of the latter, and certain promissory notes were also seized as the property of the defendants, in the hands of *B. D. & A. W. Roberts*, who were made garnishees to the action.

The evidence sufficiently establishes the fact, that the promissory notes, and the judgments seized under the writs of attachment, belonged to the defendants, and had been transferred by them to *John Gordon*, for the purpose of defeating the legal pursuits of their creditors; and it further sufficiently establishes the fact, that the transfer to *John Gordon*. was in itself a pure simulation.

Under these circumstances, the plaintiffs had the right to disregard the transfer, and to attach the judgments and promissory notes as the property of the defendants, without instituting the revocatory action and making *John Gordon* a party to the suit. The transferree, therefore, has no right to complain on the appeal, that he was not legally cited, or represented in the suit in the District Court.

For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.